**UNITED STATES of America, Plaintiff,**

v.

**Noah ROBINSON, Defendant.**

**No. 89 CR 908.**

United States District Court,
N.D. Illinois, E.D.

Feb. 20, 1990.

William Hogan, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Adam Bourgeois, Chicago, Ill., and Robert F. Simone, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Noah Robinson and 37 members of the El Rukn street gang are the subjects of a 174–count criminal indictment. The specific charges against Robinson are two counts of racketeering (Counts 1 and 2), conspiracy to violate various narcotics laws (Count 3), three counts of witness intimidation (Counts 10, 14 and 16), retaliation against a witness (Count 13) and obstruction of justice (Count 15). Currently before this Court is Robinson's motion for reconsideration of Magistrate Elaine Bucklo's order denying him bail.

Given the confusing procedural history of the bail issue in this case, a brief overview of the prior proceedings is in order. On October 30, 1989, Magistrate Elaine Bucklo held an evidentiary hearing to determine whether Robinson should be released on bail. Magistrate Bucklo denied Robinson's request to be released on bail because she found that he presented a danger to individuals or to the community as a whole. Robinson appealed the order to this court. After conducting a *de novo* review of the evidence presented to Magistrate Bucklo, we concurred with her finding.

Robinson then moved for the consideration of evidence which was not initially presented to Magistrate Bucklo. We informed the parties that we would treat this motion as a motion for reconsideration. We referred the matter to Magistrate Bucklo to conduct a second evidentiary hearing and consider any additional evidence presented by the parties. Magistrate Bucklo held this hearing on December 5, 1989. Although there were additional arguments, no new evidence was submitted by Robinson at this second hearing before Magistrate Bucklo. The Magistrate then issued an opinion in which she held that Robinson should be denied bail because, "no condition or combination of conditions will reasonably assure the safety of other persons and the community." (Magistrate Bucklo's December 15, 1989 order, p. 14).

Robinson appealed the result of the second hearing to this court. We issued a minute order adopting Magistrate Bucklo's findings. However, after we issued this order, confusion arose as to whether we conducted a second formal *de novo* review of the Magistrate's second set of findings. Although the parties agree that a second *de novo* review was made by the Court, in order to clarify this matter, we instructed the parties that we would hold another *de novo* evidentiary hearing and allow both Robinson and the United States to present any additional evidence or arguments related to Robinson's bail status. We held this hearing on February 12, 1990. Prior to this hearing, we reviewed transcripts of all prior bail hearings before this Court and before Magistrate Bucklo. We reviewed all written submissions by the parties. Although the parties reargued the motion for

bail at the February 12 hearing, neither side presented any additional evidence.

■ After considering, *de novo*, all of the relevant evidence, we find that Robinson should be detained without bond. Section 3142(e) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides that if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," a criminal defendant should be detained pending trial. Our determination that Robinson should be detained is based on the clear and convincing evidence that no condition or combination of conditions will guarantee the safety of persons and the community.

■ A defendant charged with a violation of the Controlled Substances Act faces a rebuttable presumption that he is dangerous. *United States v. Dominguez*, 783 F.2d 702, 706 (7th Cir.1986). This presumption is rebutted if a defendant can produce some evidence that he will not endanger the community if released, *Id.* at 707. If the defendant can produce evidence sufficient to rebut this presumption, the burden shifts to the government to prove dangerousness by clear and convincing evidence. *United States v. Savides*, 658 F.Supp. 1399, 1406 (N.D.Ill.1987). However, the initial presumption of dangerousness "remains in the case as an evidentiary finding militating against release, to be weighed along with the other factors listed in § 3142(g)." *United States v. Dominguez*, 783 F.2d at 707.

In the present case, there is a rebuttable presumption of dangerousness because Robinson is charged with a violation of the Controlled Substances Act. We find that Robinson has produced evidence to rebut this presumption through the report of Pretrial Services Officer James Tibensky recommending that Robinson be released, and the character references which were attached to this report. However, the government has sustained its burden of proving dangerousness by clear and convincing evidence.

We find that Robinson's recent conviction of a serious crime involving the obstruction of justice[1] and the charges in the current indictment and in *United States v. Robinson*, No. 89 CR 907, presently awaiting trial before Judge George M. Marovich, constitute clear and convincing evidence that he is dangerous. Robinson was convicted in South Carolina of being an accessory after the fact in an attempted murder, a crime which necessarily involves the obstruction of justice. This conviction was based on evidence that Robinson had assisted an individual in eluding law enforcement authorities following the attempted murder of a witness to another murder. In the indictment before this Court, Robinson is charged with four additional attempts to obstruct justice, all of which occurred while he was on bond in the South Carolina charges. These charges include the solicitation of murder, attempting to pay a witness to leave the country, and providing money to enable a suspect to avoid arrest. There has been a finding of probable cause as to each of these charges.[2] The current charges, the charges before Judge Marovich, and the past conviction are clear and convincing evidence that Robinson represents a threat to the safety of potential witnesses and the community at large.

■ Robinson argues that his due process rights may be violated due to the length of time he will be incarcerated pending trial. However, prior to setting a date for trial, "a determination that the length of detention is impermissible, both as a statutory and constitutional matter, is premature." *United States v. Portes*, 786 F.2d 758, 768 (7th Cir.1985) *quoting United States v. Colombo*, 777 F.2d 96, 100 (2d Cir.1985). Obviously, this issue may be revisited at a later date.

---

**1.** A finding of dangerousness may be based on past conduct that suggests the likelihood of future misconduct. *United States v. Dominguez*, 783 F.2d at 707.

**2.** The government also presented hearsay evidence that Robinson has continued to obstruct justice during his present incarceration. However, we do not base our opinion on such evidence.

## Conclusion

After considering *de novo* all of the evidence presented by the parties, we agree with Magistrate Bucklo that there is clear and convincing evidence that Robinson represents a danger to individuals and the community, and that no condition or combination of conditions would remove this danger. Accordingly, we deny the motion to reconsider the order detaining Robinson without bond. It is so ordered.