**UNITED STATES of America, Plaintiff,**

v.

**Johnnie B. DAVIS and Wendall
E. Nicholson, Defendants.**

**Crim. A. No. 91–10027–01.**

United States District Court,
D. Kansas.

Aug. 13, 1991.

---

D. Blair Watson, Asst. U.S. Atty., for U.S.

Michael Wilson, Wichita, Kan., for defendants.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant Wendall E. Nicholson's motion to set terms of release (Doc. 71). The court held a hearing on August 12, 1991. The defendant Nicholson is charged in a two counts of a nine count superseding indictment with conspiracy to distribute heroin and use of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c)(1) and 2. The magistrate previously ordered the defendant detained without bond.

### *Legal Standards*

The judicial officer before whom an arrested person is brought shall order that

the person be either released or detained pending judicial proceedings. 18 U.S.C. § 3141(a). A person shall be released on personal recognizance or upon the execution of an unsecured appearance bond unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. *Id.* § 3142(b). If personal recognizance or unsecured bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the court shall order the pretrial release of the person subject to certain conditions. *Id.* § 3142(c).

Upon a finding of probable cause to believe that the defendant committed an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act (21 U.S.C. § 801 et seq.) or an offense under 18 U.S.C. § 924(c),[1] a rebuttable presumption arises that no condition or combination of conditions will reasonable assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e). If, following a detention hearing, the court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court shall order the detention of the defendant before trial. *Id.* The facts upon which a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. *Id.* § 3142(f).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court may take into account the available information concerning the nature and circumstances of the offense charged, including whether it involves a narcotic drug; the weight of the evidence against the person; the history and characteristics of the person, including the person's family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and history relating to drug or alcohol abuse; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g).

### Findings of Fact

The court finds the following facts to be established by clear and convincing evidence:

1. There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 841(a)(1). Superseding Indictment, Doc. 57.

2. There is a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e). The defendant has not rebutted this presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

3. The charged offenses involve a quantity of heroin, a narcotic drug. When the defendant was questioned by the DEA, he was also found to be in possession of a quantity of cocaine, also a narcotic drug, and a firearm.

4. The defendant is not likely to flee.

5. The defendant apparently has no criminal history.

6. The defendant is a life-long Wichita resident with many family ties to the com-

---

1. The maximum term of imprisonment upon conviction of the instant offenses is at least 10 years; i.e., a maximum of at least 20 years on the conspiracy count (with a mandatory minimum sentence and a greater potential maxi-

mum sentence if the quantity of heroin involved places the defendant within a different subsection of the statute) and a consecutive 5 years on the firearms count. 18 U.S.C. § 924(c); 21 U.S.C. § 841(b)(1)(C).

munity. The defendant is employed by his parents in his parents' two businesses.

*Statement of Reasons for Detention*

The credible testimony and the information submitted at the hearing establishes by clear and convincing evidence that: The defendant is a danger to the community based on the substance involved. Heroin is a narcotic drug which the court believes to be more dangerous than cocaine. The court finds that the danger to the community would be quite serious if the defendant were released on bond. There is a serious danger of continuing drug sales while out on bond.

*Directions Regarding Detention*

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

IT IS BY THE COURT THEREFORE ORDERED that the defendant's motion to set terms of release (Doc. 71) is hereby denied.