16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Victor H. BLANCO-CARDENAS, Defendant-Appellee.
 No. 93-1461.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, TACHA, and BRORBY, Circuit Judges.
 
 PER CURIAM
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The United States appeals from the district court's order releasing defendant-appellant Victor H. Blanco-Cardenas on bail pending his trial. We granted the government's emergency motion to stay defendant's release. We now reverse the district court's release order, and order defendant detained until trial.
 
 
 3
 Defendant is charged by indictment with one count of possession with intent to distribute more than 500 grams of cocaine, and one count of conspiracy to distribute cocaine. The government has invoked the presumption in favor of detention, 18 U.S.C. 3142(e), and requested defendant be detained pending trial.
 
 
 4
 The record reflects that four detention hearings were held before the magistrate judge and the district judge. At the conclusion of the hearings before the magistrate judge, defendant was ordered detained because the government had sustained its burden under 3142(e) of proving there were no conditions that could ensure defendant's presence in court. The magistrate judge found: (1) defendant had a prior drug felony; (2) defendant is a citizen of Mexico with financial and family ties to Mexico, although he is in the United States legally and has a wife and a brother in Colorado; (3) there was probable cause to believe defendant committed an offense proscribed by the Controlled Substances Act, and (4) defendant faces a substantial sentence if convicted in this case. The magistrate judge further found that defendant would be employed if released, but a detainer filed by the Immigration and Naturalization Service (INS) might result in defendant's deportation before trial in this case. Thereafter, the INS detainer was lifted, and the district court ordered defendant released on conditions. The focus of the proceedings before the district court was the INS matter and the value of the security to be posted.
 
 
 5
 Our review of the district court's release order is "plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991).
 
 
 6
 Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 
 7
 Id. at 1354-55.
 
 
 8
 Here, although defendant produced some evidence supporting his release, we determine the evidence presented to the district court, coupled with the detention presumption, demonstrates that the government sustained its burden of proving defendant is a danger to the community and a flight risk. Furthermore, the record reveals no evidence or findings to disturb the magistrate judge's conclusion to detain defendant, other than the removal of the immigration detainer. Under the circumstances of this case, we conclude that the district court failed to give sufficient weight to the presumption of detention and the sufficiency of the government's evidence showing that defendant is a flight risk and a danger to the community.
 
 
 9
 The order of the United States District Court for the District of Colorado is REVERSED. The matter is REMANDED with instructions to enter an order of detention in conformity with 18 U.S.C. 3142(i)(2), (3), and (4).
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470