UNITED STATES of America, Plaintiff,

v.

Erick WILLIAMS, Defendant.

Criminal Action No. 95–50061.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 10, 1996.

Richard J. Amberg, Waterford, MI, Federal Defender, Flint, MI, for Defendant.

Mark C. Jones, Flint, MI, for Plaintiff.

### MEMORANDUM OPINION AND ORDER REVERSING MAGISTRATE JUDGE GOLDMAN'S BOND DETERMINATION

GADOLA, District Judge.

■ The defendant is charged with two counts of conspiracy to distribute cocaine, in violation of 21 U.S.C. 841(a)(1) and 846.[1] After a bond hearing before Magistrate Judge Goldman on November 14, 1996, the defendant was released on a $25,000 unsecured bond. Magistrate Judge Goldman also imposed certain conditions upon defendant, including supervised release, an eight o'clock curfew, restricted travel, no possession of firearms or ammunition and drug testing. The government appeals this decision.[2] This court reviews *de novo* the magistrate's order of pretrial detention. *United States v. Hazime*, 762 F.2d 34, 36–37 (6th Cir.1985); *United States v. Smith*, 87 F.R.D. 693

(E.D.Calif.1980), *aff'd*, 734 F.2d 22 (9th Cir. 1984), *cert. denied*, 469 U.S. 867, 105 S.Ct. 211, 83 L.Ed.2d 142 (1984). In deciding the government's motion, both parties stipulated to this court's reviewing the transcript of the evidentiary hearing held on November 14, 1996 before Magistrate Judge Goldman and documents presented in the pleadings now before the court.

#### 1. 18 U.S.C. § 3142

■ The relevant statutory authority governing pre-trial detention is Title 18 U.S.C. § 3142, which mandates the release of a defendant pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and the community's safety. Thus, if a judicial officer determines that no set of conditions can be designed to subdue the risk of either flight *or* danger, detention can be imposed. *United States v. Hurtado*, 779 F.2d 1467 (1985), *reh'g denied*, 788 F.2d 1570 (11th Cir.1986).

■ If there is probable cause to believe the defendant committed a violation of the Controlled Substances Act, subjecting him to imprisonment for 10 years or more, 18 U.S.C. § 3142(e) contains a rebuttable presumption that no such conditions can be instituted. This presumption represents the belief of Congress that in the majority of serious Controlled Substance Act offenses, there is an increased risk of flight or danger to the community, and in particular, the danger that the defendant will resume drug trafficking activities while released. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). In fact, even if the defendant rebuts the presumption, the presumption is not eradicated, but rather, it remains in the case as an evidentiary finding militating against release. *United States v. Dominguez*, 629 F.Supp. 701 (N.D.Ind.1986).

---

1. Defendant is one of seven defendants charged by a Second Superceding Indictment filed on October 18, 1996.

2. The defendant contests the nomenclature of the government's present motion. The government entitled its motion, "Motion Challenging On Appeal Magistrate Judge Marc L. Goldman's Order Allowing The Defendant To Be Released On An Unsecured Bond." The defendant argues that the government should have labeled its motion as "Motion For Revocation of Bond Pursuant to 18 U.S.C. § 3145." This court construes the government's motion as a motion pursuant to 18 U.S.C. § 3145.

The presumption only shifts to the defendant the burden of production to come forward with evidence suggesting that he is not a societal danger or flight risk; the presumption does not alter the government's burden of persuasion to prove by clear and convincing evidence that no set of conditions will assure the safety of the community or to establish by the preponderance of the evidence that no combination of conditions will guarantee defendant's appearance at trial. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir.1990); *United States v. Jessup*, 757 F.2d 378, 381–89 (1st Cir.1985).

[I]n determining whether there are conditions of release that will reasonably assure the appearance of a person as required and the safety of any other person and the community, [the judicial officer shall] take into account the available information concerning:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental conditions, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of property designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person required.

## 2. Whether The Government's Motion Should Be Granted

The threshold inquiry is whether the rebuttable presumption should be employed in the instant case. This court finds that the rebuttable presumption is triggered by the grand jury indictment charging the defendant with Controlled Substances Act offenses which prescribe a maximum term of imprisonment of ten years or more. *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir.1986) (per curiam) (holding that an indictment is sufficient to establish probable cause for purposes of inciting the rebuttable presumption found at 18 U.S.C. § 3142(e)); *United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985), *reh'g denied*, 788 F.2d 1570 (11th Cir.1986) (en banc) (holding that rebuttable presumption of flight arises from grand jury indictment).

The next inquiry is whether the government has met its burden of proving by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B). The government relies on several factors to satisfy this burden. First, the government rests upon the statutorily-formulated presumption that no condition or set of conditions will reasonably assure the safety of the community or the defendant's appearance at trial. Although Magistrate Goldman found that the defendant rebutted the presumption of *both* flight and danger and consequently released the defendant,[3] this court finds that the defendant has not rebutted the presumption of danger.[4] Specifically, the defendant

---

3. Magistrate Goldman did not make an explicit finding on the record that defendant rebutted the presumption. However, such a finding is implicit in the decision to release the defendant.

4. This court does not disagree with the Magistrate's finding that the defendant rebutted the presumption of flight based upon the fact that he is a life-long resident of the area, current on his

has not proffered *any* evidence demonstrating that he is not a danger to the community.

Second, the government satisfied its burden of proving that no conditions will reasonably assure the safety of the community, through the submission of evidence establishing defendant's propensity to commit crimes while on release.[5] *See* 18 U.S.C. § 3142(g)(3) (court should consider whether defendant was involved with the criminal justice system in the past). Lieutenant Jerome Koger testified to defendant's continual involvement in drug trafficking and regular possession of firearms while serving a thirty-six month probationary sentence after pleading guilty to a felony charge of possession of cocaine in Genesee County Circuit Court on March 3, 1989. For example, Lt. Koger testified that on March 26, 1991, the Flint Police Department, with the assistance of a cooperating individual, attempted to purchase $150 of crack cocaine from the defendant. The defendant refused to sell to the individual since the individual was not pur-

chasing a minimum of $250 in narcotics. The defendant referred the individual to another contact and the undercover operative was successful in purchasing crack cocaine from that other contact.[6] Lt. Koger also testified that on February 4, 1992, the defendant was found by the police at a hotel room with marijuana and zig-zag papers.[7] Furthermore, Lt. Koger avowed that the Flint Police Department seized a .45 caliber pistol, another firearm, crack cocaine, marijuana and cocaine residue, and $10,969 during two searches of defendant's residence in 1991 and 1992.[8] To reiterate, *all* these incidents endangering the community occurred while the defendant was on probation for a state felony offense. While the defendant urges this court to discredit the aforementioned testimony of Lt. Koger based upon the fact that defendant was never arrested nor charged with violating his probation for said acts, this court refuses to do so. This court finds the testimony of Lt. Koger reliable and credible.[9]

child support obligation, presently employed and has allegedly never absconded bond or failed to appear. Mindful of defendant's employment status and lengthy domicile in the area, this court finds that the defendant did not rebut the presumption of danger for the reasons expressed in this opinion. *See United States v. Hubbard,* 1993 WL 4182, *1 (N.D.Ill. Jan. 7, 1993) (holding that evidence of family and employment background is primarily relevant to the issue of flight); *United States v. Davis,* 771 F.Supp. 331 (D.Kan.1991) (holding that alleged drug trafficker rebutted presumption of flight by a lack of criminal history, family ties and employment, but did not rebut the presumption of danger since he was likely to continue drug sales if allowed to remain on bond). *Compare United States v. Dominguez,* 783 F.2d 702 (7th Cir.1986) (court found defendants rebutted presumption of danger because neither had a criminal record in the U.S. and both were employed and one had a family and his own business).

5. As a preliminary matter, it should be noted that the Pretrial Services Report recommends detention.

6. During cross-examination of Lt. Koger at the detention hearing, the defendant requested Lt. Koger reveal the name of the confidential informant who participated in the attempted controlled purchase from the defendant. The government objected and the Magistrate sustained the objection. The defendant contends that the failure to disclose the name of the confidential informant should be held to constitute a rebuttal

of the presumption. This court is not persuaded by such an argument. The government in this case has "strong special reasons for keeping its evidentiary sources confidential (e.g. protecting witness safety)," especially in light of the fact that a number of deaths have occurred. *United States v. Acevedo–Ramos,* 755 F.2d 203, 208 (1st Cir.1985). *See e.g. United States v. Accetturo,* 783 F.2d 382, 392 (3rd Cir.1986) (appellate court affirmed district court's decision to limit cross-examination during detention hearing by not allowing the names of the confidential sources to be revealed, even though such disclosure was germane to assessing the credibility of such sources); *U.S. v. Terrones,* 712 F.Supp. 786 (S.D.Cal.1989) (unusual circumstances in narcotics case justified district court's consideration of in camera evidence, in part, because court could not envision any other source of information but for the confidential affiants).

7. The other individual found in the hotel room with the defendant was Corey Croom. Croom subsequently has been convicted of the murder of Phil Harper, who, himself was no stranger to the law. Harper was charged with a cocaine violation and absconded bond. The defendant allegedly has no relationship to Harper's homicide.

8. The police observed the defendant flee the premises immediately prior to the search of the defendant's residence in 1992.

9. It should be noted that the defendant challenges some of the testimony on the grounds that

Lt. Koger also testified to information supplied by Dan Duffie, now deceased, that the defendant dealt in marijuana with David Lee Strickland, now deceased, and that the defendant was an associate of Phil Harper, who subsequently was charged with a cocaine violation, absconded bond and was murdered. Specifically, Duffie informed the Flint Police Department that while armed, the defendant would travel to Detroit with Harper and Strickland in order to procure kilograms of crack cocaine. An incident which occurred on September 21, 1995, confirms defendant's affiliation with Strickland,[10] and also provides more recent evidence of defendant's involvement in drug trafficking. On that date, the defendant, Strickland and Strickland's sister were all shot at while in a car departing from a restaurant. Strickland [11] and his sister were fatally wounded, but the defendant, after being peppered with fourteen to seventeen gunshots, escaped from the vehicle and survived. The police found the defendant several feet from the automobile with approximately 80 grams of crack cocaine, still moist, located immediately next to him. Count III of the indictment, in fact, arises from this highly ominous episode [12] and the incident demonstrates the treacherous nature of the alleged drug conspiracy at hand.

Moreover, the defendant's dangerousness is further verified by the fact that nine millimeter and .45 caliber rounds were found at the defendant's residence during a search warrant executed on November 12, 1996, only a few days ago, in violation of 18 U.S.C. § 922(g). The defendant downplays this finding of ammunition as simply "some bullets," but it can be inferred that this ammunition could be perilously employed in firearms and used for protection in drug transactions, therefore threatening the public safety.[13] In sum, this court finds that there is no evidence to believe that the defendant will refrain from partaking in further criminal activities similar to those charged in the indictment if released on bond, and that the Magistrate erred in determining that the defendant would not be a threat to the community.[14] The government has satisfied its burden of proving by clear and convincing evidence that no conditions can be imposed upon the defendant to assure the safety of the community. And, the defendant has not rebutted the presumption.

Assuming arguendo, that the defendant rebutted the presumption, this court still finds that pre-trial detention is warranted. As previously stated, the presumption is not a "bursting bubble presumption," therefore it is not erased after the defendant rebuts it.

it is hearsay. Yet, this argument is unavailing because even if the testimony is hearsay, it is admissible in pre-trial detention hearings. "In the informal evidentiary framework of a detention hearing, the methods used to scrutinize government proffers for reliability must lie within the discretion of the presiding judicial officer, informed by an awareness of the high stakes involved." *United States v. Martir*, 782 F.2d 1141, 1144–45 (2nd Cir.1986). *See also* 18 U.S.C. § 3142(f) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *United States v. Acevedo–Ramos*, 755 F.2d 203, 204 (1st Cir.1985) (holding that "the lawfulness of the practice of using hearsay evidence at bail hearings is well-established").

10. *See United States v. Stricklin*, 932 F.2d 1353 (10th Cir.1991) (defendant's involvement with other drug traffickers demonstrates that defendant is a danger to the community).

11. Strickland was under indictment during this incident.

12. *See* 18 U.S.C. § 3142(g)(1) (court should consider circumstances surrounding the offense charged).

13. This court deems it necessary to address yet one more argument asserted by the defendant. The Magistrate found no proof in the record that the defendant engaged in narcotics activity from the point in time where he was shot, until the present—a period of approximately sixteen months. The Magistrate seems to have overlooked the fact that for a good majority of the past sixteen months, the defendant presumably has been recuperating from the horde of gunshot wounds inflicted upon him. Indeed, Lt. Koger clarified that the defendant was not immediately arrested for possession of the 80 grams of crack cocaine found beside him after being shot, because he was in critical condition in the hospital. This court finds the record replete with evidence suggesting that since the defendant has now recovered, there is a high likelihood that the defendant will engage in future misconduct.

14. In so finding, this court is mindful of the defendant's life-long residence and employment in the area.

*United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985) (citing *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986)). Rather, the presumption "remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in § 3142(g)." *Id. See also United States v. Blanco–Cardenas,* 1994 WL 38649, *1 (10th Cir. Feb. 10, 1994) (unpublished table decision) ("Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain."). In other words, once the defendant adduces evidence sufficient to rebut the statutory presumption, the judicial officer cannot point solely to the presumption as clear and convincing evidence that bail must be denied. *United States v. Savides,* 658 F.Supp. 1399, 1406 (N.D.Ill. 1987), *cert. denied,* 497 U.S. 1030, 110 S.Ct. 3286, 111 L.Ed.2d 795 (1990). Here, weighing the rebuttable presumption along with all the other evidence in this case leads this court to the conclusion that no set of conditions exists which could reasonably assure the safety of the community if the defendant is released. This record contains strong indicia of the defendant's likely continued and present involvement in a highly dangerous drug conspiracy and criminal enterprise. For all the preceding reasons, this court reverses Magistrate Goldman's bond determination.

## *ORDER*

Therefore, it is hereby **ORDERED** that the government's motion seeking revocation of the release order issued by a United States Magistrate Judge is **GRANTED**, and Erick Williams' bond is revoked;

**IT IS FURTHER ORDERED** that Williams is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

**IT IS FURTHER ORDERED** that the defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of the court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**SO ORDERED.**