**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy HINTON, Defendant– Appellant.**

No. 04–3828.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Blas E. Serrano, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Paul Mancino, Jr., Mancino, Mancino & Mancino, Cleveland, OH, for Defendant–Appellant.

Before KENNEDY, SUHRHEINRICH and CLAY, Circuit Judges.

*ORDER*

The defendant appeals a district court order detaining him without bond pending trial on drug-trafficking charges. We unanimously agree that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R.App. P. 9(a); 34(a).

Under 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as

required and the safety of any other person and the community. Section 3142(g) sets out the factors to be considered in making that determination. Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence. *See United States v. Cisneros,* 328 F.3d 610, 616 (10th Cir. 2003). This circuit reviews the district court's factual determinations for clear error and reviews mixed questions of law and fact de novo. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985).

■ The defendant does not dispute that the statutory presumption in 18 U.S.C. § 3142(e) is triggered in this case. Subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. The indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption. *Hazime,* 762 F.2d at 37; *see also United States v. Suppa,* 799 F.2d 115, 119 (3d Cir.1986) ("Our holding that the indictment is sufficient to support a finding of probable cause . . . is in accord with the unanimous position of the other circuits that have reached the issue."). The presumption shifts the burden of production

to the defendant to show that his release would not pose a flight risk or a danger to any person and the community. The government retains the burden of persuasion.

■ The defendant claims the district court applied the wrong standard in determining that he should be detained. We do not agree. At the defendant's June 10, 2004, detention hearing, the district court found that the defendant had failed to rebut the statutory presumption in favor of detention and set forth the factual basis for its finding. The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir.1986). *See United States v. Jessup*, 757 F.2d 378, 382–84 (1st Cir.1985). The court may continue to give the presumption some weight by keeping in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir.1989). "The judge or magistrate thus should consider those legislative findings among the other factors to be weighed in deciding whether a defendant should be detained." *Martir*, 782 F.2d at 1144. We conclude upon review that the district court's decision was not in error.

The district court's pretrial detention order is AFFIRMED.